UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| ONLINE MERCHANTS GUILD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:20-cv-00029-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL CAMERON, in his official | ) | **ORDER** |
| capacity as Attorney General of | ) | |
| Kentucky, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Online Merchant Guild's Motion for Temporary Restraining Order.  [R. 10.]  In the wake of the coronavirus pandemic's economic fallout, Kentucky Attorney General Daniel Cameron began investigating alleged price gouging in order to protect Kentucky consumers.  [*See* R. 10-1 at ¶¶ 20, 37.]  As part of this initiative, Attorney General Cameron investigated, and continues to investigate, alleged price gouging in the sale of goods on Amazon's online store.  *Id.* at ¶ 20.  Plaintiff Online Merchants Guild, a trade association for online merchants, alleges that the investigation into Amazon sales resulted in Attorney General Cameron formally investigating certain of its members for what was perceived as possible price gouging.  *Id.* at ¶ 37.  Merchants Guild argues these actions against its members are unconstitutional and requests a temporary restraining order ("TRO") to enjoin Attorney General Cameron from taking any further action.

Rule 65 of the Federal Rules of Civil Procedure allows the Court to issue a TRO without notice to the other party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "[A] temporary restraining order is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits[.]" *Stein v. Thomas*, 672 F. App'x 565, 572 (6th Cir. 2016). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974)). Thus, for the Court to issue a TRO, Plaintiff must establish that one or more of its members would suffer immediate, irreparable harm if the motion is not granted.

The alleged harm to Plaintiff's members does not warrant a TRO. At Plaintiff's request, the Court held a telephonic hearing to allow argument on the motion. Counsel for both Plaintiff and Attorney General Cameron participated and, at that time, Plaintiff maintained that a TRO was necessary. But Plaintiff has failed to demonstrate the sort of immediate irreparable harm required for such relief. Based on the limited record in this case, there is no indication that any of Plaintiff's members are in jeopardy of being prosecuted in the very near future. As conceded by Plaintiff, all that is alleged is that the Attorney General has begun investigating its members which *may* lead to enforcement actions.[1] A TRO is an emergency measure, and it is clear that this sort of injury does not satisfy the immediacy requirement of Rule 65.

Plaintiff's motion for TRO is denied but the Court makes clear that review at this stage is preliminary. The Court now has the opportunity to engage in a more extensive analysis of the

---

[1] Plaintiff also alluded to an action in state court involving one of its now-members. On the present record, the facts are unclear as to the nature and stage of that litigation. But, as represented by Defendant, this action was brought by the member, not Defendant, and concerns an investigatory measure taken as towards the member, not any enforcement action by Defendant.

constitutional issues and factual intricacies at play.  To this end, the parties are directed to submit additional briefing on the motion for preliminary injunction.  Expedited consideration is appropriate and a hearing on the motion for preliminary injunction will occur shortly after the additional briefing is completed.  Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1.      Plaintiff's Motion for Temporary Restraining Order **[R. 10]** is **DENIED;**

2.      Defendant is **DIRECTED** to file a response to Plaintiff's Motion for Preliminary Injunction by the close of business on **Tuesday, May 19, 2020**;

3.      Plaintiff is **DIRECTED** to file a reply to Defendant's response by the close of business on **Wednesday, May 20, 2020**;

4.      The preliminary injunction hearing shall be held telephonically on **Thursday, May 21, 2020** at **1:30 p.m.**, with Judge Van Tatenhove sitting in **Frankfort**, Kentucky;

5.      To join the teleconference, the parties are **DIRECTED** to call AT&T Teleconferencing at 1-877-336-1280 and enter Access Code 2086161 (followed by #), and, when requested, enter the Security Code 09170 (followed by #); and

6.      If both parties agree and request an in-court hearing in lieu of a telephonic hearing, the Court will enter an Order to this effect.  Parties have until the end of business on **Wednesday, May 20, 2020** to alert the Court to any such request.

This the 15th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge