COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 20-CI-1252
DIVISION 9

JONES & PANDA, LLC                                                                          PETITIONER

V.                    **DECLARATION OF SARAH ELIZABETH JONES**

COMMONWEALTH OF KENTUCKY,
ex rel. DANIEL CAMERON, in his official capacity
as ATTORNEY GENERAL OF KENTUCKY                                       RESPONDENT

\*\*\*\*\*\*\*\*\*\*\*\*

1. My name is Sarah Elizabeth Jones. I am over the age of 18, and I am under no legal disability that would prevent me from offering the following testimony. I make this declaration on personal knowledge.

2. I am the sole member of Jones & Panda, LLC ("Jones & Panda"), in which capacity I offer this declaration.

3. I operate Jones & Panda as a sole proprietor. I do not have any employees.

4. Jones & Panda is a third-party merchant on Amazon's national eCommerce retail store.

5. Jones & Panda is a member of the Online Merchants Guild.

6. I purchase products from retail stores in Kentucky and other states and offer them for sale through Amazon's website. In addition to the retail price paid for the products, Jones & Panda incurs additional expenses related to my time, travel, and shipping of the products ordered by Amazon's customers, as well as Amazon's fees and commissions, which amount to 12-15% of each sale and a monthly recurring fee of $40.00.

1

7. Amazon controls how and where items are listed on Amazon's website and in search results. I cannot control whether Amazon's customers in Kentucky see Jones & Panda's products in their search results. Only Amazon can control where and how search results are displayed.

8. Amazon has the ultimate control over prices. I cannot unilaterally determine the listing price; instead, I research the price the product is offered by other sellers on Amazon, and use Amazon's "match lowest price" option to determine the price. Amazon retains final control over the price it will accept for listing a good on the Jones & Panda store.

9. Upon receipt of the Attorney General's CID, I have been deterred from participating in the interstate Amazon marketplace. I am afraid to source and sell important COVID-response goods, as well as other consumer goods, as I am unclear as to how to comply with Kentucky's laws. For example, I am unsure whether some products, like peanut butter, video game systems and DVDs, are covered by Kentucky's price control laws. Additionally, it is not possible to determine prior to the sale what prices comply with the AG's interpretation of the price control statutes due to the vague statutory language.

10. I do not understand why the Attorney General is targeting my small business, while Amazon maintains control over its store and sales. The Attorney General is applying more onerous regulation on Jones & Panda than Amazon, despite its technical sophistication and resources.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2020.

*Sarah Jones*
Sarah Elizabeth Jones
5/20/20