**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**CIVIL ACTION NO. 20-CI-1252**
**DIVISION 9**

JONES & PANDA, LLC                                                                PETITIONER

v.

COMMONWEALTH OF KENTUCKY,
ex rel. DANIEL CAMERON, in his Official Capacity
as ATTORNEY GENERAL OF KENTUCKY                      RESPONDENT

### NOTICE

The Parties shall take notice that this matter will come on for hearing via a scheduled video hearing, should the Court be amenable. If the Court so allows, undersigned counsel will coordinate calendars and obtain a date and time suitable to all parties and the Court.

### RESPONDENT COMMONWEALTH OF KENTUCKY'S MOTION FOR IN CAMERA REVIEW

The Respondent, Commonwealth of Kentucky *ex rel.* Daniel Cameron, in his official capacity as Attorney General of Kentucky, respectfully submits this Motion for In Camera Review of the documentation provided by Amazon to support the Civil Investigative Demand ("CID") sent to Petitioner Jones & Panda.

The Kentucky Consumer Protection Act ("KCPA"), specifically KRS 367.240 and KRS 367.250, authorizes the Attorney General to issue a CID for information and documents when he has reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by the KCPA. Importantly, KRS 367.240 provides that the Attorney General may serve a CID to persons believed to have information, documentary material, or physical evidence relevant to the alleged or suspected violation.

After receiving information of alleged price gouging from Amazon.com, Inc. ("Amazon"), the Attorney General issued the subject CID to Jones & Panda. On April 15, 2020, Jones & Panda filed a Petition to Set Aside or Modify the CID. After the Attorney General responded, Jones & Panda filed a Motion for Leave to File a First Amended Petition on May 20, 2020.

On May 22, 2020, the Court entered an Order granting Jones & Panda's Motion for Leave to File First Amended Petition and denying the Attorney General's Emergency Motion to Enforce the CID at that time. The Order notes that while the Attorney General is not required to state on the face of the CID the reason or grounds for its issuance, there was no evidence in the record that would allow the Court to review the Attorney General's decision to issue the CID in this instance. *See* May 22, 2020 Order at page 5.

Based on this decision, the Attorney General is filing this Motion for In Camera Review in conjunction with its Response to the First Amended Petition to ensure that the Court has all the necessary documents for its review, while also protecting this information from disclosure.

## ARGUMENT

Upon a petition to set aside a CID, the trial court is to "review the conclusions of the Attorney General so as to protect against arbitrary or mistaken issuance of investigative demands." *Ward v. Commonwealth,* 566 S.W.2d 426, 528 (Ky. App. 1978). While the Attorney General seeks to provide the Court with the specific information given by Amazon, the law enforcement privilege protects this information from disclosure at this time. To protect privileged information from disclosure while also allowing the trial court to review the documents in making a determination on the First Amended Petition, the Attorney General asks to produce the information to the trial court for an in camera review.

2

I. **Law Enforcement Privilege**

The documentation that the Attorney General is required to provide to the Court, so that it may satisfy itself under *Ward*, is subject to the law enforcement privilege. The law enforcement privilege is a common law privilege recognized by state and federal courts." *United States v. Quebe*, 2017 WL 279539, *13 (S.D. Ohio January 23, 2017). It exists to protect "disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *In re Dep't of Investigation of City of N. Y.*, 856 F.2d 481, 484 (2d Cir. 1988). "[T]here is a strong presumption against lifting the privilege." *Quebe*, 2017 WL 279539 at *13. *See United States v. Lundergan*, 2019 WL 4065604, at *3 (E.D. Ky. Aug. 28, 2019) (finding the FEC's Reports and Analysis Division Review and Referral Procedures (the RAD manual) to be protected by the law enforcement privilege). The law enforcement privilege applies to both civil and criminal law enforcement investigations. *See, e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).

It is the burden of the party asserting the law enforcement privilege to show that the privilege applies. *In re The City of New York*, 607 F.3d at 948. To meet this burden, the Government must show:

> [T]he documents contain information that the law enforcement privilege is intended to protect, which 'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation' ... If the party asserting the privilege successfully shows that the privilege applies, the district court then must balance the public interest in nondisclosure against 'the need of a particular litigant for access to the privileged information,' as the privilege is qualified, not absolute.

*United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016). If the Government meets its burden to show that the law enforcement privilege applies, "the court must balance the defendant's need for the privileged information against the public interest in nondisclosure." *United States v. Gaver*, 2017 WL 1134814, *3 (S.D. Ohio Mar. 27, 2017). The privilege is only overcome when the information "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *United States v. Sierra-Villegas*, 774 F.3d 1093, 1098 (6th Cir. 2014). See *United States v. Harney*, 2018 WL 1145957, at *10 (E.D. Ky. Mar. 1, 2018), *aff'd*, 934 F.3d 502 (6th Cir. 2019) (finding the Network Investigative Technique used by the government in a child pornography case to be protected by the law enforcement privilege).

In determining whether the law enforcement privilege applies, a court must balance "[t]he public interest in nondisclosure" against "the need of a particular litigation for access to the privileged information." *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988). Such balancing includes multiple factors, such as "the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information," "the impact upon persons who have given information of having their identities disclosed," and "the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure," among others. *Id.* (*citing Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973)).

The purpose of the law enforcement privilege is to broadly protect the ability of the government to conduct investigations without interference. *See F.T.C. v. AMG Servs., Inc.,* 291 F.R.D. 544, 559 (D. Nev. 2013). "The public has an interest in agencies conducting investigations without the targets of the investigations interfering, as the agencies' goal is to protect the public from fraud and deception." *Id.*   The Court should protect the privilege where "disclosure of the information would jeopardize ongoing investigations by prematurely revealing facts and

4

investigatory materials to potential subjects of those investigations." *In re Sealed Case,* 856 F.2d 268, 271 (D.C. Cir. 1988).

The law enforcement privilege also applies to information provided by a third party. Indeed, several of the factors in the "balancing" test contemplate protecting information secured by the government from third parties. *See Sealed Case*, 856 F.2d at 272 (among others, considering "the extent to which disclosure will . . . discourage[e] citizens from giving the government information"; "the impact upon persons who have given information of having their identities disclosed").

In considering the law enforcement privilege, it is important to analyze the current procedural process of the investigation. The Attorney General has issued a CID to Jones & Panda requesting information related to offers to sell respirators and hand sanitizer. The CIDs are simply the first step taken in the investigation. A CID functions as a pre-filing information-gathering tool to protect Kentucky consumers from fraud and illegal activity, and provides the Attorney General with a means to assess quickly, and at the least cost to all concerned, whether grounds exist for taking further action and to determine against whom action may need to be taken if it is warranted.

The Attorney General may serve a CID on anyone who he believes has information relating to a potential violation of the KCPA. The Attorney General is not limited to serving CIDs upon a party believed to have *actually committed* a violation of the KCPA. In *Hancock v. Pineur*, 533 S.W.2d 527, 528-29 (Ky. 1976), Kentucky's highest court held that there is no statutory or constitutional requirement that a CID recite the reason or grounds for its issuance. The *Pineur* court further held that "[e]ven if one were to regard the request for information in this case as caused by nothing more than official curiosity, nevertheless law-enforcing agencies have a

5

legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest." *Id.*

The CIDs are non-self-executing—that is, the Attorney General cannot himself sanction non-compliance. This is a key point. If the recipient of a CID does not comply with it, the Attorney General cannot simply demand that the recipient comply. Instead, to force compliance, the Attorney General must initiate an enforcement proceeding in the circuit court where the recipient resides. KRS 367.290. Likewise, if the recipient of a CID wants to challenge it as improper, the recipient can file a petition to set aside or limit the CID. A Kentucky circuit court may compel the recipient to respond to the CID, it may set aside the CID, or it may decide that the CID is enforceable in part and unenforceable in part. KRS 367.240(2).

Here, the information provided by Amazon to the Attorney General must be protected under the law enforcement privilege because it would interfere with the Attorney General's ability to continue with his investigation of alleged price gouging. As provided above, the investigation is in its preliminary stages and, other than responding to Jones & Panda's initial Petition, the Attorney General has not taken any actual enforcement action on the CID it issued. Disclosing the specific information provided to the Attorney General would prematurely reveal facts and investigatory materials before any determination is made regarding the need for enforcement action or the identity of the culpable party. As such, this information must be protected by the law enforcement privilege.

The Attorney General also notes that the Kentucky Open Records Act provides an exemption for the type of information at issue here. KRS 61.878(1)(h) provides an exemption for the disclosure of:

(h) Records of law enforcement agencies or agencies involved in administrative adjudication that were compiled in the process of detecting and investigating statutory or regulatory violations if the disclosure of the information would harm the agency by revealing the identity of informants not otherwise known or by premature release of information to be used in a prospective law enforcement action or administrative adjudication. Unless exempted by other provisions of KRS 61.870 to 61.884, public records exempted under this provision shall be open after enforcement action is completed or a decision is made to take no action…

While the Attorney General recognizes that exemptions under the Open Records Act do not create automatic privileges in civil discovery, statutory publication shelters should have some application to discovery. These protected interests reflect a legislative judgment that certain delineated categories of documents may contain sensitive data that warrants a more considered and cautious treatment. In the context of discovery of government documents in the course of civil litigation, the courts must accord the proper weight to the policies underlying these statutory protections, and compare them with the factors supporting discovery in a particular lawsuit. *See Black v. Sheraton Corp. of America,* 564 F.2d 531, 547 (D.C.Cir.1977).

**II.    In Camera Review**

The decision whether to conduct an in camera review rests within the sound discretion of the trial court.  The court is to consider such factors as the volume of materials the court is asked to review, the relative importance of the alleged privileged materials to the case, and the likelihood that the evidence produced by an in camera review will establish that the invoked privilege has applies. *Stidham v. Clark*, 74 S.W.3d 719, 727 (Ky. 2002)

Normally, one party would assert a privilege and the opposing side would request an in camera review to allow the trial court to determine if the privilege exists. But here, the Attorney General seeks an in camera review of the documents at issue because of *Ward v. Commonwealth,* 566 S.W.2d 426, 528 (Ky. App. 1978) and its requirement that the trial court review the materials to support the CID. An in camera review will serve the dual purposes of keeping privileged

7

information protected while also allowing the Court to review the supporting documents in making its determination on Plaintiff's First Amended Petition. *See Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1344 (D.C. Cir. 1984). As such, the Attorney General respectfully requests the Court conduct an in camera review of the Amazon sales data provided.

## CONCLUSION

**WHEREFORE**, for the reasons set forth, the Attorney General respectfully requests that its Motion for In Camera Review be GRANTED.

Respectfully submitted,

DANIEL CAMERON
ATTORNEY GENERAL

*/s/ J. Christian Lewis*
_____
J. Christian Lewis
Justin D. Clark
Matthew C. Cocanougher
Office of Consumer Protection
Kentucky Office of the Attorney General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
Tel:    (502) 696-5300
christian.lewis@ky.gov
justind.clark@ky.gov
matthew.cocanougher@ky.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the 1st day of June 2020, a true and accurate copy of the foregoing was filed electronically with the Court's CourtNet e-filing system and conformed copies of same were served electronically on the Jones & Panda.

                            */s/ J. Christian Lewis*