**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | |
|---|---|
| **ONLINE MERCHANTS GUILD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:20-cv-00029-GFVT |
| | ) |
| **DANIEL CAMERON, in his official capacity as ATTORNEY GENERAL OF KENTUCKY,** | ) |
| | ) |
| Defendant. | ) |

**THE ONLINE MERCHANTS GUILD'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S JUNE 3, 2020 ORDER (R. 29)**

### Introductory Statement

Pursuant to the Court's June 3, 2020 Order (R. 29), the Online Merchants Guild addresses "(i) the status of the Jones & Panda state court litigation, including any information related to the timeline for adjudication in that matter," "(ii) [the Online Merchants Guild's] views as to the applicability of *Younger* abstention in this matter," and "(iii) any other pertinent information or argument related to the state court litigation and its impact on the present case." R. 29 at 1-2.

Briefly, the Online Merchants Guild's views are as follows:

(i) The Jones & Panda litigation is not yet fully briefed and it is unclear when, if ever, the Fayette Circuit Court will address the constitutional issues, because there are independent and antecedent state grounds for resolution. With respect to the constitutional issues, that case is behind this one in terms of progress. Also, because the scope of that case is narrower than this one, even a successful constitutional outcome for Jones & Panda will not necessarily resolve all of the issues the Guild raised on behalf of itself and its broader membership.

(ii) *Younger* is not an available basis for abstention here under *Sprint Communications v. Jacobs*, 571 U.S. 69, 73 (2013), because the Jones & Panda matter is not the kind of

1

"exceptional" case that permits abstention, and because the Online Merchants Guild and virtually all of its members are not parties to that case.

(iii) The AG's continued efforts to apply KRS 367.374 and KRS 367.170 to Jones & Panda—which has chilling effects on the Guild and its members—confirms that this case is ripe for decision.

Accordingly, the Online Merchants Guild respectfully requests that the Court decline the AG's request to abstain, and instead enter the requested injunction. As we have expressed several times, the Online Merchants Guild does not seek to preclude the AG's ability to control prices on Amazon.com. Rather, if the AG wants to regulate prices in Amazon's store, he should regulate the party who controls and profits from every sale in its store: Amazon. That would be just like how the Commonwealth ensures tax collection in Amazon's store—by regulating Amazon. *See* KRS 139.550 (requiring companies like Amazon that "facilitate" online sales to remit tax on those sales). We simply ask that the AG regulate in a manner that is consistent with the Constitution.

**(i)     Status of the Jones & Panda, LLC state court matter.**

The Guild's understanding of the Jones & Panda, LLC matter pending in the Fayette Circuit Court is as follows. Jones & Panda and the Attorney General are litigating two basic categories of issues: (1) whether the AG's subpoena is valid as a matter of Kentucky law, which turns on the factual adequacy of the AG's basis for issuing the subpoena; and (2) whether KRS 367.374 and KRS 367.170 are constitutional as applied to Jones & Panda. Jones & Panda's constitutional arguments are similar to but not coextensive with the Guild's; because Jones & Panda is a Kentucky company, it does not raise the personal jurisdiction issue the Guild raised here. Also, Jones & Panda seeks relief only its own behalf, not on behalf of all of the Guild's members.

Briefing is not complete on either set of issues. It is unknown when the Fayette Circuit Court will rule.

The detailed timeline of the Jones & Panda matter is as follows:

2

- April 14, 2020: Jones & Panda initiated the matter via a petition to, *inter alia*, set aside the subpoena/civil investigative demand.[1]

- May 5, 2020: The AG responded to the petition, and filed an "Emergency Motion to Enforce Civil Investigative Demand."[2]

- May 20, 2020: Jones & Panda filed a response to the AG's emergency motion and sought leave to file a First Amended Petition to elaborate on the constitutional issues.[3]

- May 22, 2020: The Fayette Circuit Court (VanMeter, J.) held a hearing, and entered an "Order Denying [the AG's] Emergency Motion and Granting [Jones & Panda's] Motion for Leave to Amend."[4] Among other things, the Fayette Circuit Court concluded that Jones & Panda made a *prima facie* case for relief from the subpoena because, for example, "'Amazon retains ultimate control of the price ceiling and price floor.'"[5] The Court noted Jones & Panda's constitutional objections to the price-control statutes, but reserved ruling pending further briefing and a request for relief before the judge who will preside over the matter going forward (Bunnell, J.).

- June 1, 2020: The AG filed a Motion for *In Camera* Review of the information Amazon gave him, which purportedly supports his subpoena.[6] The AG also filed a response to Jones & Panda's First Amended Petition.[7]

- The Guild understands that Jones & Panda will be objecting to the AG's request for *in camera* review of the information Amazon supplied to support the investigation. (Jones & Panda understandably wants to examine the putative basis for the AG's investigation.) We also understand that Jones & Panda will be renewing its request to set aside the subpoena.

- After briefing concludes, the court may hold a hearing; the timing is unknown. Presumably, the court will first consider whether the subpoena is valid as a matter of Kentucky law, and only consider the constitutional issues if necessary.

---

[1] Pet. by Jones & Panda, LLC, *Jones & Panda, LLC. v. Com. of Kentucky ex rel. Cameron*, No. 20-CI-1252, attached as Exhibit 1.
[2] AG's Resp. to Pet. and Emergency Mot. to Enforce Civil Invest. Demand, attached as Exhibit 2.
[3] Jones & Panda's First Am. Pet., attached as Exhibit 3.
[4] Fayette Circuit Court May 20, 2020 Order, attached as Exhibit 4.
[5] *Id*. at 3 (quoting Jones & Panda Pet. at 6).
[6] AG's Mot. for In Camera Review, attached as Exhibit 5.
[7] AG's Resp. to First Am. Pet., attached as Exhibit 6.

3

In a nutshell, then, the Jones & Panda matter continues, but is behind this case in terms of progress on the constitutional issues and may not reach those issues. We address implications for this case below.

**(ii)** ***Sprint Communications* precludes the AG's request for *Younger* abstention.**

The Jones & Panda matter does not satisfy the Supreme Court's strict criteria for *Younger* abstention on the basis of parallel state court proceedings. *Sprint Communications v. Jacobs*, 571 U.S. 69 (2013), is dispositive. The Court's unanimous decision summarized the law as follows:

> Federal courts, it was early and famously said, have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. Jurisdiction existing, this Court has cautioned, a federal court's obligation to hear and decide a case is virtually unflagging. *Parallel state-court proceedings do not detract from that obligation*.

*Id*. at 77 (citing *Cohens v. Virginia*, 19 U.S. 264 (1821); *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)) (emphasis added) (cleaned up).

The exercise of jurisdiction being the "virtually unflagging" general rule, the Court has recognized grounds for abstention only in "exceptional circumstances." *Id*. at 78 (describing boundaries of *Younger* abstention). There are only three narrow exceptions: (1) "ongoing state criminal proceedings"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*. (cleaned up).

None of those exceptions apply. ***First***, the Jones & Panda matter is a civil dispute, not an ongoing criminal proceeding against Jones & Panda, much less a criminal proceeding against the Guild and its other members.

***Second***, the Jones & Panda matter is not a "civil enforcement proceeding," which the Supreme Court has narrowly defined as a civil matter "akin to a criminal prosecution in important

4

respects." *Id*. at 79. Such cases "are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Id*. And usually, though not necessarily always, the "state party initiates the action." *Id*.

The Jones & Panda matter lacks those features. Jones & Panda, not the AG, initiated the action to set aside a subpoena. There will be no quasi-criminal punishment if Jones & Panda loses the case; the company will simply have to produce documents. It is unknown when the AG will seek to initiate an enforcement proceeding. According to the AG's statements to the Fayette Circuit Court, "the investigation [of Jones & Panda] is in its preliminary stages and, other than responding to Jones & Panda's initial Petition, the Attorney General has not taken any actual enforcement action on the CID it issued."[8]

The Fayette Circuit Court matter itself is essentially a discovery dispute antecedent to a separate, possible future proceeding. If that qualified as "quasi-criminal" and justified abstention, it "would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest." *Id*. at 81 (citation omitted). The Supreme Court rejected such a "result as irreconcilable with our dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 81-82 (citations omitted).

***Third***, this Court's exercise of jurisdiction would not interfere with the "state court's ability to perform its judicial function" as the Supreme Court has defined the term. 571 U.S. at 79. *Sprint Communications* identified two such judicial functions—state "civil contempt order[s]" and state

---

[8] AG's Motion for *In Camera* Review, *Jones & Panda, LLC. v. Com. of Ky. ex rel. Cameron*, No. 20-CI-1252 (Fayette Circuit Court), Exhibit 5, at 6. That alone distinguishes this case from the abstention decision in *Marathon Petroleum Co. LLC v. Stumbo*, 528 F. Supp. 2d 639, 650 (E.D. Ky. 2007), where the AG began an actual enforcement proceeding and the defendant immediately sought a federal injunction.

5

"requirement[s] for posting bond pending appeal"—which are unlike the situation here. *Id*. (citing *Juidice v. Vail*, 430 U.S. 327 (1977); *Pennzoil Co. v. Texaco*, 481 U.S. 1 (1987)).

In those cases, the litigants in state court judicial proceedings made federal court challenges to the constitutionality of ongoing state court procedures. In *Juidice*, state court defendants who had been held in contempt sued the state court judges and argued that the state court contempt laws the judges applied were unconstitutional. 430 U.S. at 328-30. In *Pennzoil*, the "principal issue [was] whether a federal district court lawfully may enjoin a plaintiff who has prevailed in a trial in state court from executing the judgment in its favor pending appeal of that judgment to a state appellate court"; the core argument was that the state court appeal bond procedure violated the Due Process Clause. 481 U.S. at 3; 7. The Supreme Court approved *Younger* abstention in both cases because the federal court actions would directly enjoin state court litigation procedures in pending lawsuits.

This case is very different: it is a classic pre-enforcement challenge to a state statute, which the federal courts routinely entertain. The Guild is not seeking to enjoin the Commonwealth's procedures for administering its courts. The Guild—and all its members save one—are not even parties to state court action. And, as the AG has stressed, the Jones & Panda matter is not even an enforcement action on the merits. This case does not fall into the narrow category of direct challenges to state judicial machinery.

**Fourth**, abstention would be even more problematic here than in *Sprint Communications* because the Guild and all of its members (except Jones & Panda) are not even parties to the state court proceeding, yet the AG would deny them their independent right to a federal forum. Even if *Younger* applied here as to Jones & Panda, it would not apply as against the whole world. The AG cannot obtain that kind of extraordinary second-order abstention.

6

The upshot of the AG's position would be that whenever a single member of a larger group is participating in any state court proceeding that could involve constitutional issues, the federal courts would lack jurisdiction to hear constitutional issues brought by other members of the group. To articulate that rule is to see why it is not and cannot be the law. Imagine that a single church had chosen to hold services in defiance of government edict and been threatened with or subject to some kind of enforcement. Would that state action bar all other congregations from vindicating their free exercise rights in federal courts? Of course not.

The AG's radical *Younger* theory would undermine enforcement of constitutional rights and flatly contradict the Supreme Court's holding that "*Younger* extends to the three 'exceptional circumstances' . . . but no further." *Sprint Comms.*, 571 U.S. at 82. Respectfully, the Court should not abstain.

**(iii)  Implications of the Jones & Panda matter for this case.**

As set forth in the Online Merchants Guild's reply brief (R. 22), the AG's continued threat to apply KRS 376.374 and KRS 367.l70 to Jones & Panda despite the constitutional problems with that use of the price-control statutes demonstrates why this case is ripe. Moreover, since the May 21, 2020 hearing, the Guild has had to expend further resources consulting with Jones & Panda, and other Guild members, regarding the AG's continued efforts. The Guild and its members also take from the AG's aggressive posturing in the Jones & Panda matter (and this matter) that the AG intends to continue his efforts to apply the price-control statutes to the other Guild members who have received subpoenas and cease-and-desist orders, as well as other online merchants. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014) (plaintiffs experience cognizably ripe injury when state refuses to "disavow enforcement" of the law at issue).

The Guild and its members continue to experience constitutional injury. If anything, this case is more ripe than many pre-enforcement challenges. The Court should reject the AG's suggestion that this matter is not ripe for resolution.

## Conclusion

The Online Merchants Guild respectfully requests that the Court exercise its jurisdiction over this matter, and declare unlawful and enjoin the Kentucky AG from applying KRS 376.374 and KRS 367.l70, including investigations and threatened or actual prosecution under those laws, to the Online Merchants Guild's members in connection with sales in Amazon's store.

Respectfully submitted this 9th day of June, 2020.

s/ Aaron K. Block
Aaron K. Block
The Block Firm, LLC
Georgia Bar No. 508192*
404-997-8419
aaron@blockfirmllc.com
Counsel for the Online Merchants Guild
*Admitted *pro hac vice*

s/ Paul S. Rafelson
Paul S. Rafelson
Rafelson Schick, PLLC
Bar # 16958 (Florida)
2255 Glades Rd
Suite 319
Boca Raton, FL 33431
(561) 326-6529

/s/ William G. Deatherage Jr.
William G. Deatherage Jr.
Mark A. Gilbert
Deatherage, Myers & Lackey, PLLC
701 South Main Street
P.O. Box 1065
Hopkinsville, Kentucky  42241-1065
Telephone:	270-886-6800
Facsimile:	270-885-7127
Email:  mgilbert@dmlfirm.com

**Certificate of Service**

I hereby certify that I served the foregoing using the Court's CM/ECF system, this 9th day of June, 2020.

/s/ William G. Deatherage Jr.
William G. Deatherage Jr.
Mark A. Gilbert

9