COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL ACTION NO. 20-CI-_____
DIVISION _____

**ELECTRONICALLY FILED**

JONES & PANDA, LLC                                              PETITIONER


V.          **PETITION TO SET ASIDE THE CIVIL INVESTIGATIVE DEMAND**
            **AND TO PROTECT PETITIONER FROM AN UNREASONABLE**
            **INVESTIGATION, OR IN THE ALTERNATIVE,**
            **TO MODIFY THE CIVIL INVESTIGATIVE DEMAND**
            **AND EXTEND THE RETURN DATE**


COMMONWEALTH OF KENTUCKY,
ex rel. DANIEL CAMERON, in his Official Capacity
as ATTORNEY GENERAL OF KENTUCKY                                RESPONDENT

> **Serve: <u>Via Certified Mail/Return Receipt</u>**
> **Daniel Cameron, in his Official Capacity**
> **as Attorney General of Kentucky**
> **1024 Capital Center Drive, Suite 200**
> **Frankfort, KY 40601**


*************

Pursuant to KRS 367.240(2) and 367.260, Jones & Panda, LLC ("Jones & Panda") hereby

petitions the Court to set aside the Civil Investigative Demand issued by Daniel Cameron, Attorney

General of Kentucky, on March 25, 2020 and directed to: Jones & Panda, LLC c/o Sarah Elizabeth

Jones and to enter an appropriate order to protect Jones & Panda from an unreasonable

investigative action. Alternatively, Jones & Panda petitions the Court to modify the Civil

Investigative Demand and to extend the return date pursuant to KRS 367.240(2). In support of

this Petition, Jones & Panda states that good cause for this Petition exists, as follows:

1

## I.    BACKGROUND

Jones & Panda is a limited liability company organized in Kentucky whose sole member is Sarah Elizabeth Jones.  As a sole proprietor, Sarah Jones ("Jones") operates Jones & Panda as a third-party merchant on Amazon's national eCommerce retail store.  Essentially, Jones purchases products from retail stores in Kentucky and other states and offers them for sale on Amazon's website.  In addition to the retail price she paid for the products, Jones incurs additional expenses related to her time, travel and shipping of the products ordered by Amazon's customers.

Due to the COVID-19 health crisis, on March 6, 2020 Kentucky Governor Andy Beshear issued an Executive Order declaring a state of emergency in the Commonwealth and activated the Commonwealth's price-gouging laws at KRS 367.372 to 367.368 (the "Act").  Pursuant to KRS 367.474(1)(a), the Act is implemented for a period of fifteen days.  The Governor renewed activation of the Act by his March 20, 2020 Executive Order, as allowed by KRS 367.374(2).

On March 25, 2020, the Respondent, Daniel Cameron, Attorney General of Kentucky, issued a Subpoena and Civil Investigative Demand In Re Investigation of:  Complaints of Price Gouging to Jones, the registered agent of Jones & Panda.  *See* Subpoena and Civil Investigative Demand (hereinafter, the "CID"), attached as Exhibit "1".  As grounds for the investigation, the CID states: ". . .the Attorney General of Kentucky, having reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300 or KRS 367.372 to 376.378, and that it is in the public interest that an investigation should be made. . . ."   The letter accompanying the CID, from Assistant Attorney General Matthew Cocanougher, further states that the "Kentucky Office of the Attorney General (KOAG) has received information from Amazon relating to the prices charged, during the ongoing state of emergency for respirators and hand sanitizers offered for sale on its platform by a third-

party seller identified as A9DC8NLML6D8C, with a store front name of Jones & Panda, LLC."

*See* Letter dated March 25, 2020, attached as Exhibit "2". The CID requires Jones & Panda to respond to Eight Requests related to its purchases and sales of hand sanitizers and respirators from February 15, 2020 through March 25, 2020.

The Requests are as follows:

1.      Identify, by day and each specific product, the price you charged for hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020.

2.      State the basis behind every price change you made to hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020.  For each price increase that you contend was related to an increase in your cost, describe the nature of such increase, and identify all documents that substantiate your claim.

3.      Produce all documents relating to your purchases and sales of hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020.

4.      Produce all documents relating to the supply and demand of hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020, including correspondence, recordkeeping and any sources you relied on in making pricing decisions during that period.

5.      Produce all documents relating to the retail prices you charged for hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020, including any documents upon which you rely to justify any price increases that may have occurred.

6.      For each sale you made of hand sanitizers and respirators through the Amazon sales platform from February 15, 2020 through March 25, 2020, identify for each specific product:  (a) the date of the sale; (b) the name, residence/location, and contact information of each buyer of such product; (c) the total cost paid by the buyer for each transaction, broken down by individual components.

7.      Produce all documents relating to each sale you made of hand sanitizers and respirators through the Amazon sales platform from February 15, 2020 through March 25, 2020, which identify, for each specific product:  (a) the date of the sale; (b) the name, residence/location, and contact information of each

buyer of such product; and (c) the total cost paid by the buyer for each transaction, broken down by individual components.

8.    Produce all documents you identified in your responses to the questions above.

The CID further requires:  That, under oath or affirmation, you answer the following requests and produce the following documents at the time and place above, or if blank, then by emailing them together with a completed sworn statement of authenticity and completeness of documents, by no later than, **April 15, 2020**.

## II.    ARGUMENT

Jones & Panda now petitions this Court to set aside the CID pursuant to KRS 367.240(2), and to enter an appropriate order to protect Jones & Panda from an unreasonable investigation pursuant to KRS 367.260.  As good cause for its Petition, Jones & Panda contends: first, that the CID is an arbitrary order that does not meet the requirements of KRS 367.240(1); and second, that Kentucky's price-gouging statutes, when applied to one of Amazon's third-party merchants like Jones & Panda, is unconstitutional.  Should the Court decline to set aside the CID, then Jones & Panda contends that the CID is overly broad, unduly burdensome, and not properly limited in temporal scope, thereby requiring modification as set forth below.  Finally, should the Court decline to set aside the CID, Jones & Panda requests additional time to respond.

### A.    THE CID IS AN ARBITRARY ORDER THAT FAILS TO MEET THE REQUIRED STATUTORY STANDARD AND CONSTITUTES AN UNREASONABLE INVESTIGATION.

The authority of the Attorney General to issue a civil investigative demand is found in KRS 367.240(1), which provides as follows:

When the attorney general has reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300, or when he believes it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in,

4621D52E-EFF2-49E6-A946-821594188 2EF : 000004 of 000023

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000004 of 000012

4

Filed                    20-CI-01252    06/09/2020                    David Nicholson, Jefferson Circuit Clerk

> is engaging in or is about to engage in, any act or practice declared to be unlawful by KRS 367.11 to 367.300, he may execute in writing and cause to be served upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation, an investigative demand . . . .

KRS 367.240(1). While the statute does not provide a standard for determining when facts satisfy the two conditions precedent to the issuance of any civil investigative demand, Kentucky courts have considered this issue and provided important guidance.

It is clear the Attorney General does not have unbridled authority to issue a civil investigative demand. *See Ward v. Commonwealth*, 566 S.W.2d 426, 428 (Ky.App. 1978). Nor can a civil investigative demand be used as a means of establishing either of the two conditions precedent – that the Attorney General has reason to believe that a violation is being committed and that the public interest requires investigation into potential violations. *Id.* at 428-29. Simply, the Attorney General may not use the CID to fish for possible violations or to satisfy a statutory prerequisite.

Here the March 25, 2020 letter accompanying the CID provides that "the Kentucky Office of the Attorney General (KOAG) has received information from Amazon relating to the prices charged during the ongoing state of emergency for respirators and hand sanitizers offered for sale on its platform by a third-party seller . . . with a store front name of Jones & Panda." *See* Exhibit 2. This is the only support cited for the issuance of the CID. While Courts have not required a CID to state a reason for issuance on its face, "under KRS 367.240(2) and 367.260, after the filing of a complaint . . . , it is the duty of the court to examine the documentation and facts upon which the Attorney General based his decision to issue the demand." *Id.* at 429. When reviewing a similar CID after the filing of petition pursuant to KRS 367.240(2), the court in *Ward* found that

Filed                    20-CI-01252    04/14/2020                    Vincent Riggs, Fayette Circuit Clerk

the reliance on one letter alone was insufficient to satisfy either of the statutes prerequisites. *Id*. at 429.

Furthermore, the fact that it is Amazon that has complained to the Kentucky Attorney General is a distorted attempt to shift blame to hard working Kentuckians like Sarah Jones. It is Amazon that is the store. Third-party merchants, like Jones & Panda, are simply the suppliers of Amazon's store. When customers buy products supplied by Jones and Panda, the customer is Amazon's customer. Amazon is the sole party in privity of contract with its customer, and the business services agreement specifically states that there is no agency relationship between Amazon and its third-party merchants. In fact, Amazon's Business Solutions Agreement expressly forbids its third-party merchants from soliciting their customers. When checking out, customers utilize Amazon's shopping cart, the online equivalent of a cash register, regardless of whether the goods are offered for sell by Amazon, its third-party merchants, or a mix of two in the same shopping cart transaction.

Amazon retains ultimate control of the price ceiling and price floor. Amazon could have prevented any alleged price gouging by blocking automatic reprice software that automatically re-prices a product as the market conditions change. Furthermore, it is Amazon, not Jones & Panda, that sets the return policy, handles all customer service disputes, sets pricing policies, suspends selling activities, charges the customer's credit card, withholds funds for a period of time after the goods were delivered. E-mails sent to customers after a purchase of any good, whether supplied by Amazon or a third-party merchant like Jones & Panda say thank you for shopping with Amazon.

Certainly, it was in Amazon's best interest to allow high-priced goods to be sold to a panicked public, earn the higher commission, then shift the blame to the third-party merchants. If anyone is guilty of price-gouging, it is Amazon, not Jones & Panda.

Furthermore, as a national eCommerce store, Amazon's customers are worldwide. Jones & Panda, as a third-party merchant, had no ability to control the location of Amazon's customers purchasing their products. In fact, a preliminary review of Jones & Panda's sales of hand sanitizers and respirators occurring on or after March 6, 2020 suggests the vast majority of these sales occurred to customer's located outside of Kentucky. Investigative action with respect to Jones & Panda's sales outside the state of Kentucky is certainly unreasonable, as well as unconstitutional, as described below.

As a result, this Court must "review the conclusions of the Attorney General so as to protect against arbitrary or mistaken issuance of investigative demands." *Id.* at 429. *See also Commonwealth v. Pineur*, 533 S.W.2d 527 (1976). Accordingly, Jones & Panda respectfully requests the Court to require the Attorney General to come forward with evidence sufficient to satisfy the statutory prerequisites, or the CID must be set aside as arbitrary.

## B. KENTUCKY'S PRICE GOUGING LAWS, AS APPLIED TO JONES & PANDA, ARE UNCONSTITUTIONAL.

The CID at issue in this case is based on the Commonwealth's price-gouging laws set forth in KRS 367.372 to 367.368. While on its face, Kentucky's price-gouging laws are not unconstitutional, their application to Amazon's third-party merchants like Jones & Panda is a violation of the dormant Commerce Clause, and thus, unconstitutional. Article 1, Section 8 of the U.S. Constitution allocates the "Power . . . To regulate Commerce . . . among the several states," U.S. Const. art. 1, § 8, cl. 3, to the federal government. A direct corollary to this express allocation is a constraint on the power of any state to enact legislation that interferes with or burdens interstate commerce. This doctrine, known as the "dormant" commerce clause, is "driven by concern about economic protectionism" and seeks to prevent state "regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *Dep't of Revenue of Ky v. Davis*,

Filed        20-CI-01252   04/14/2020                     Vincent Riggs, Fayette Circuit Clerk

553 U.S. 328, 337-38 (2008). Essentially, a state may not regulate commerce occurring wholly outside of its borders. *Healy v. Beer Inst.*, 491 U.S. 324, 335-36 (1989); *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 582-83 (1986). *Edgar v. MITE Corp.*, 457 U.S. 624, 642-43 (1982)(plurality opinion). The principle reflects the Constitution's special concern both with the maintenance of a national economic union unfettered by state-imposed limitations on interstate commerce and with the autonomy of the individual States within their respective spheres." *Healy*, 491 U.S. at 335-36 (footnote omitted).

As a third-party merchant on Amazon, Jones & Panda is not given the option to price commodities on a state by state basis, only the ability to offer their goods nationally via Amazon's eCommerce store. By applying Kentucky's price-gouging laws to a merchant such as Jones & Panda that sells in interstate commerce via national eCommerce web stores such as Amazon, it creates an undue burden on interstate commerce, because the law is restricting the ability of that seller to engage in transactions in other states, as the seller does not have the ability to choose what markets to sell to, nor do they have the ability to set a price based on each state's law – only Amazon can do that.

Certainly, it was in Amazon's best interest to allow high-priced goods to be sold to a panicked public, earn the higher commission, then shift the blame to the third-party merchants. If anyone is guilty of price-gouging, it is Amazon, not Jones & Panda. For these reasons, Jones & Panda respectfully requests that the Court find that the CID issued to Jones & Panda violates the dormant Commerce Clause, and, as a result, set aside the CID. Alternatively, Jones & Panda respectfully requests that the CID be modified to the extent that it limits Jones & Panda's responses to only those sales of hand sanitizers and respirators shipped to customers located in Kentucky.

## C.     THE CID IS OVERLY BROAD, UNDULY BURDENSOME AND NOT PROPERLY LIMITED IN TEMPORAL SCOPE.

Should the Court decline to set aside the CID, then Jones & Panda contends that good cause exists to modify the CID pursuant to KRS 367.240(2), as it is overly broad, unduly burdensome and not properly limited in temporal scope in light of the relevant price-gouging laws.  The state of emergency was declared by Governor Beshear on March 6, 2020, thereby activating the Commonwealth's price-gouging laws, KRS 367.372 to 367.368 (the "Act").  The Act states, in relevant part, as follows:

> No person shall sell, rent, or offer to sell or rent, regardless of whether an actual sale or rental occurs, a good or service listed in this paragraph . . . for a price which is grossly in excess of the price prior to the declaration and unrelated to any increased cost to the seller. . . .

KRS 367.374(1)(b).   The Act further provides that "[a] person's price does not violate this subsection if it is:

> (1)     Related to an additional cost imposed by a supplier of a good or other costs of providing the good or service, including an additional cost for labor or materials used to provide a service;
>
> (2)     Ten percent (10%) or less above the price prior to the declaration;
>
> (3)     Ten percent (10%) or less above the sum of the person's costs and normal markup for a good or service;
>
> (4)     Generally consistent with fluctuations in applicable commodity, regional, national, or international markets, or seasonal fluctuations; or
>
> (5)     A contract price, or the result of a price formula, established prior to the order implementing this subsection."

Whether a price violates this section is a question of law.  KRS 367.374(1)(d).  Importantly, in the definitions of the act, KRS 367.372(10) defines "Price prior to the declaration," as "the person's price for a good or service on the day before the date of the Governor's order implementing the provisions of KRS 367.374.

9

The eight Requests contained in the CID, however, require Jones & Panda to provide information and documents related to Jones & Panda's sales of hand sanitizers and respirators over an extended period – February 15, 2020 through March 25, 2020.  On initial review, Jones & Panda had 1,200 sales of hand sanitizers during that time frame, but only approximately 91 sales after declaration of the state of emergency on March 6, 2020.  With respect to respirators, Jones & Panda had 575 sales during the requested time frame, but only approximately 108 sales after declaration of the state of emergency on March 6, 2020.   Any sales of hand sanitizers and respirators before March 6, 2020, would be irrelevant and overly broad, except to the extent necessary to prove the "price prior to the declaration."  As such, the CID should be modified to reflect the time frame March 6, 2020 through March 25, 2020, and any sales which would establish "the price prior to the declaration."

Additionally, the CID contains to no authority for the Kentucky Attorney General to investigate sales of any products outside of Kentucky.  Thus, to the extent the CID requires Jones & Panda to provide information and documents related to Jones & Panda's sales of hand sanitizers and respirators to customers outside of Kentucky, it is unreasonably and overly broad.  As such, the CID should be further modified to request information related to sales of hand sanitizers and respirators to customers in Kentucky.

### D.     SHOULD THE COURT DECLINE TO SET ASIDE THE CID, JONES & PANDA REQUESTS ADDITIONAL TIME TO RESPOND.

In light of the current state of emergency related to COVID-19, the undersigned counsel for Jones & Panda contacted Matthew Cocanougher, Assistant Attorney General, on Friday, April 10, 2020 to request an extension of time to respond to the CID.  Counsel for Jones & Panda advised Assistant Attorney General Cocanougher that due to COVID-19 restrictions, she was unable to meet in person with her client.  Additionally, counsel advised that a preliminary review of

documents revealed that Jones & Panda made over 1,500 separate sales of hand sanitizers and respirators from February 15, 2020 through March 25, 2020, thereby requiring a significant time to process and review. As a result, counsel requested until May 31, 2020 to respond to the CID.

In response, Counsel for Jones & Panda was subsequently advised by e-mail of the following extension with a rolling production of documents, as follows: provide the total number of transactions by April 15; and provide 1/3 of your client's responses each week between next week and May 1, 2020.

As Jones & Panda has elected to file this Petition pursuant to KRS 367.240(2) and 367.260, good cause exists to extend the time for Jones & Panda to respond. Until such time as the Court has an opportunity to determine whether the Attorney General's CID satisfies the statutory prerequisites, and to review the additional challenges to the CID, Jones & Panda respectfully requests that the Court extend the time to respond to the CID until 30 days after the conclusion of this proceeding or 30 days after the expiration of the state of emergency, whichever occurs later.

## III.    CONCLUSION

Pursuant to KRS 367.240(2) and KRS 367.260, Jones & Panda respectfully requests that the Court require the Attorney General to produce documentation and facts upon which he based his decision to issue the CID, allow the parties to brief this issue, and then to set this matter for a hearing. Alternatively, Jones & Panda respectfully requests that the Court set aside the CID as unconstitutional, or modify the CID as set out above and extend the return date as requested above. Jones & Panda further requests that it be awarded its reasonable attorneys' fees and court costs in having to file this Petition in light of the constitutional violations committed by the Attorney General and his extreme indifference in failing to provide a reasonable extension to responding to the Requests given the COVID-19 health emergency.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)   4621D52E-EFF2-49E6-A946-8215941882EF : 000011 of 000023

COM : 000011 of 000012

Respectfully submitted,

/s/ Mason Moore Kessinger
Benjamin Lee Kessinger, III
Mason Moore Kessinger
KESSINGER LAW GROUP, PLLC
120 Kentucky Avenue, Suite 220
Lexington, KY 40502
T. (859) 253-2105
F. (877) 747-9184
Lee@KessingerLaw.com
Mason@KessingerLaw.com
ATTORNEYS FOR ABOVE-NAMED PLAINTIFF

Filed          20-CI-01252 04/14/2020                    Vincent Riggs, Fayette Circuit Clerk

4621D52E-EFF2-49E6-A946-821594I882EF : 000012 of 000023

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000012 of 000012



**COMMONWEALTH OF KENTUCKY**
**OFFICE OF THE ATTORNEY GENERAL**

DANIEL CAMERON
ATTORNEY GENERAL

1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KY 40601

## SUBPOENA AND CIVIL INVESTIGATIVE DEMAND
## IN RE INVESTIGATION OF:

**Complaints of Price Gouging**

**TO:** Jones & Panda, LLC
1535 Summerhill Drive
Lexington, KY 40515-5849

**SERVE:** Sarah Elizabeth Jones
Registered Agent
1535 Summerhill Drive
Lexington, KY 40515-5849

Pursuant to the authority granted in KRS 367.240, 367.250, and 367.372 to 376.378, the Attorney General of Kentucky, having reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300, or 367.372 to 376.378, and that it is in the public interest that an investigation should be made, hereby executes this Subpoena and Investigative Demand, as follows:

____ That you furnish, under oath or affirmation, a report in writing setting forth the relevant facts and circumstances of which you have knowledge.

____ That you personally appear and testify at the following location on the following date and time:

_X_ That, under oath or affirmation, you answer the following requests and produce the following documents at the time and place above or, if blank, then by emailing them together with a completed sworn statement of authenticity and completeness of documents, by no later than, **April 15, 2020** to: Matthew.Cocanougher@ky.gov

**Failure to comply with this Subpoena and Investigative Demand may result in legal action pursuant to KRS 367.290. Intentional concealment, falsification or destruction of documents may be punishable as a class A misdemeanor under KRS 367.990(3). It is a class D felony to intentionally destroy, mutilate, conceal, remove, alter, or fabricate physical evidence believing that an official proceeding may be pending or instituted, pursuant to KRS 524.100.**

Date Issued: March 25, 2020

An Equal Opportunity Employer M/F/D

4621D52E-EFF2-49E6-A946-821594188 2EF : 000013 of 000000

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

EXH : **000001 of 000000**

DANIEL CAMERON
ATTORNEY GENERAL

By:

Matthew C. Cocanougher
Assistant Attorney General
Office of Consumer Protection
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
(502) 696-5446
Matthew.Cocanougher@ky.gov

Served via: _____ 1. Certified mail, return receipt requested.
            __X__ 2. Personal delivery
            _____ 3. Fax

                 Date      _____

                 By        _____

                 Title     _____

Presiding Judge: HON. KIMBERLY BUNNELL (622203)    4621D52E-EFF2-49E6-A946-821594I882EF : 000014 of 000023

EXH : 000002 of 000007

## ATTACHMENT TO SUBPOENA AND CIVIL INVESTIGATIVE DEMAND

### INSTRUCTIONS AND DEFINITIONS

### DEFINITIONS

"You" refers to the individual or entity identified on the Amazon platform as seller A9DC8NLML6D8C, and any person acting on behalf of such person or entity making decisions regarding the pricing matters discussed herein.

"Document" refers to any record of information of any type, including written, electronic, graphic, handwritten, etc. It includes but is not limited to invoices, receipts, notes, email and correspondence.

"Identify" with respect to a person or company means to list name of contact person, name of company, address and phone number. With respect to a document, "identify" means to list the date, title, type (letter, email, invoice, etc.), author and recipients. For documents that are provided to the Attorney General's office with your responses, and indicated as responsive to a specific numbered question, you do not need to list all the identifying information.

### INSTRUCTIONS

a.   Answer each request separately and fully in writing and under oath.

b.   As a convenience, defined terms may be capitalized and/or in bold font, but the presence or absence of capitalization or bold font does not alter or reduce the meaning of such terms.

c.   In answering the requests, furnish all information or documents known by You, or available to You, or in Your possession, direction, custody or control, regardless of how the information was obtained or whether such information is hearsay or otherwise admissible evidence.

d.   Exercise due diligence in answering each request and securing all information with which to answer each request. If You cannot answer a request fully and completely after exercising due diligence, then answer the request to the extent possible, specifying the basis for Your inability to answer the remainder and detailing Your attempts to secure the unknown information.

e.   A request that seeks information contained in whole or in part within a document, or that seeks the identification of any document, may be answered by furnishing a copy of such document, identifying the document and specifying the portion(s) of the document containing the requested information.

f.   All answers should include attachments of as many pages as are necessary to fully and completely respond, and should be identified by the number corresponding to each request as set forth below.

g.   All requests relate to all employees, agents, representatives, successors, assigns, principals, officers and directors, jointly and severally, while acting personally, or through the corporation or any other business entity or form, whose acts, practices, or policies are directed, formulated or controlled by You.

## REQUESTS

1.   Identify, by day and each specific product, the price you charged for hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020.

2.   State the basis behind every price change you made to hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020. For each price increase that you contend was related to an increase in your cost, describe the nature of such increase, and identify all documents that substantiate your claim.

3.   Produce all documents relating to your purchases and sales of hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020.

4.   Produce all documents relating to the supply and demand of hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020, including correspondence, recordkeeping and any sources you relied on in making pricing decisions during that period.

5.   Produce all documents relating to the retail prices you charged for hand sanitizers and respirators, offered for resale on the Amazon sales platform from February 15, 2020 through March 25, 2020, including any documents upon which you rely to justify any price increases that may have occurred.

6.   For each sale you made of hand sanitizers and respirators through the Amazon sales

platform from February 15, 2020 through March 25, 2020, identify for each specific product: (a) the date of the sale; (b) the name, residence/location, and contact information of each buyer of such product; and (c) the total cost paid by the buyer for each transaction, broken down by individual components.

7.  Produce all documents relating to each sale you made of hand sanitizers and respirators through the Amazon sales platform from February 15, 2020 through March 25, 2020, which identify, for each specific product: (a) the date of the sale; (b) the name, residence/location, and contact information of each buyer of such product; and (c) the total cost paid by the buyer for each transaction, broken down by individual components.

8.  Produce all documents you identified in your responses to the questions above.

**There is a continuing obligation to disclose pursuant to this CID.**

STATE OF _____ )
COUNTY OF _____ )

I, _____ declare under oath, subject to the penalty of perjury, that the foregoing statements are true, to my knowledge or belief.

Signature:_____

Subscribed, sworn to and acknowledged before me by _____
(name), _____(title), on behalf of _____, on _____, ____.

My Commission expires: _____.

Signature:_____
Print Name:_____
Title: _____



**ANDY BESHEAR**
GOVERNOR

**EXECUTIVE ORDER**

**Secretary of State**
Frankfort
Kentucky

**2020-245**
**March 20, 2020**

### STATE OF EMERGENCY RELATING TO
### THE PROHIBITION AGAINST PRICE GOUGING

**WHEREAS,** on March 6, 2020, a case of the novel coronavirus (COVID-19) was confirmed in the Commonwealth; and

**WHEREAS,** this condition continues to endanger public health and safety; and

**WHEREAS,** state and local governments share responsibility for protection of public health, safety, and security and for taking appropriate actions to ensure the provision of essential public services; and

**WHEREAS,** I, Andy Beshear, Governor of the Commonwealth of Kentucky, by virtue of the authority vested in me by the Constitution of the Commonwealth of Kentucky and by Chapter 39A of the Kentucky Revised Statutes, did on March 6, 2020, declare by Executive Order 2020-215 that a State of Emergency exists in the Commonwealth of Kentucky effective March 6, 2020; and

**WHEREAS,** I, Andy Beshear, Governor of the Commonwealth of Kentucky, by virtue of the authority vested in me by the Constitution of the Commonwealth of Kentucky and Chapter 367 of the Kentucky Revised Statutes, did on March 7, 2020, declare by Executive Order 2020-216 that a State of Emergency exists in the Commonwealth of Kentucky and implemented the provisions of KRS 367.372, *et seq.*, as to the sale of goods and services, to prohibit price gouging; and

**WHEREAS,** as the State of Emergency continues in the Commonwealth, I am empowered by the Constitution of the Commonwealth of Kentucky and Chapter 367 of the Kentucky Revised Statutes to continue to implement certain provisions of law aimed toward protecting Kentucky Consumers:

**NOW, THEREFORE,** I, Andy Beshear, Governor of the Commonwealth of Kentucky, by virtue of the authority vested in me by the Constitution of the Commonwealth

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

4621D52E-EFF2-49E6-A946-821594188ZEF : 000018 of 000023

EXH : 000006 of 000007

**ANDY BESHEAR**
GOVERNOR

**EXECUTIVE ORDER**

Secretary of State
Frankfort
Kentucky

**2020-245**
**March 20, 2020**

of Kentucky and Chapter 367 of the Kentucky Revised Statutes, do hereby renew the implementation of the provisions of KRS 367.372, *et seq.*, as to the sale of goods and services, and do hereby Order and Direct that:

1. No person, within the meaning of KRS 446.010, shall sell or offer to sell any good or service delineated in KRS 367.374(1)(b) at a price grossly in excess of the price prior to the declaration by Executive Order 2020-215 on March 6, 2020, that a Statewide State of Emergency exists in the Commonwealth of Kentucky.

2. The foregoing is subject to the qualifications and limitations set forth otherwise in KRS 367.372, *et seq.*, with regard to increased cost to sellers *inter alia.*

3. Any person who violates the provisions of KRS 367.372. *et seq.*, as implemented by this Order, shall be subject to the penalties set forth in KRS 367.378 or other applicable law.

4. Upon the effective date of this renewal, the Division of Emergency Management shall immediately notify the public and those registered with the Division for the purpose of receiving notice of the implementation, renewal, or termination of the provision of this Order relating to KRS 367.374. The Division shall notify the public by any means available, including the Division's Web site, news media, and electronic mail. Any person or trade association may register with the Division for the purpose of receiving notification.

This Order shall be effective upon the expiration of Executive Order 2020-216 on March 22, 2020. This Order shall be in effect for the duration of the State of Emergency herein referenced, but shall expire after 15 days from the effective date and notice of implementation and shall be subject to renewal thereafter, subject to applicable law, if necessary to protect the lives, property, or welfare of the citizens of the Commonwealth of Kentucky

ANDY BESHEAR, Governor
Commonwealth of Kentucky

MICHAEL G. ADAMS
Secretary of State



COMMONWEALTH OF KENTUCKY
OFFICE OF THE ATTORNEY GENERAL

DANIEL CAMERON
ATTORNEY GENERAL

1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KY 40601

March 25, 2020

VIA HAND DELIVERY

Jones & Panda, LLC
1535 Summerhill Drive
Lexington, KY 40515-5849

c/o Registered Agent
Sarah Elizabeth Jones
1535 Summerhill Drive
Lexington, KY 40515-5849

Re: Investigation of Price Gouging Complaints

Dear Sir or Madam:

In response to a confirmed case of the novel coronavirus in Kentucky, Governor Beshear issued an Executive Order on March 6, 2020, declaring a state of emergency in the Commonwealth and activating the Commonwealth's price-gouging laws set forth in Kentucky Revised Statutes (KRS) 367.372 to 367.368 (the Act). The activation of the Act was just recently renewed through the Governor's March 20, 2020 Executive Order. A copy of the March 20, 2020 Executive Order and the price gouging statute are enclosed herein.

The Kentucky Office of the Attorney General (KOAG) has received information from Amazon relating to the prices charged, during the ongoing state of emergency for respirators and hand sanitizers offered for sale on its platform by a third-party seller identified as A9DC8NLML6D8C, with a store front name of Jones & Panda. This letter is to inform you that the KOAG is opening an investigation into this information. To the extent your current pricing practices are in violation of the aforementioned statute, you are hereby directed to immediately cease and desist from such violations.

In furtherance of its investigation, the KOAG is serving you with the enclosed Subpoena and Civil Investigative Demand. I look forward to receiving your responses as set forth in this document. In the meantime, please feel free to contact me should you have any questions or wish to discuss this matter.

An Equal Opportunity Employer M/F/D

March 25, 2020
Page 2

Sincerely,

Matthew C. Cocanougher
Assistant Attorney General

Encl.

4621D52E-EFF2-49E6-A946-821594188ZEF : 000021 of 000023

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

EXH : 000002 of 000002



AOC-E-105       Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **20-CI-01252**
Court: **CIRCUIT**
County: **FAYETTE**

---

*Plantiff,* **JONES & PANDA, LLC VS. COMMONWEALTH OF KENTUCKY, EX REL DANI**, *Defendant*

TO: **COMMONWEALTH OF KENTUCKY, EX REL DANIEL C**

    **1024 CAPITAL CENTER DRIVE**

    **SUITE 200**

    **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **4/14/2020**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---





Presiding Judge: HON. KIMBERLY BUNNELL (622203)

4621D52E-EFF2-49E6-A946-8215941882EF : 000022 of 000023

CI : 000001 of 000001

**Commonwealth of Kentucky**
**Vincent Riggs, Fayette Circuit Clerk**

| | |
|---|---|
| **Case #:** 20-CI-01252 | **Envelope #:** 2379796 |
| **Received From:** MASON KESSINGER | **Account Of:** MASON KESSINGER |
| **Case Title:** JONES & PANDA, LLC VS. COMMONWEALTH OF KENTUCKY, EX REL DANI | **Confirmation Number:** 107566459 |
| **Filed On** 4/14/2020  11:04:05AM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Money Collected For Others(Postage) | $12.95 |
| 8 | Charges For Services(Copy - Photocopy) | $2.30 |
| | **TOTAL:** | $236.25 |

Generated: 4/14/2020