COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION
CIVIL ACTION NO. 20-CI-1252

JONES & PANDA, LLC                                                     PETITIONER

v.        ORDER DENYING RESPONDENT'S EMERGENCY MOTION
AND GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND

COMMONWEALTH OF KENTUCKY,
ex rel. DANIEL CAMERON, in his Official
Capacity as ATTORNEY GENERAL OF KENTUCKY            RESPONDENT

\*\*\* \*\*\* \*\*\*

This matter came before the Court for a Zoom hearing on May 22, 2020 on the Emergency Motion of Respondent, Commonwealth of Kentucky ex rel. Daniel Cameron, in his Official Capacity as Attorney General of Kentucky (hereinafter "the Attorney General"), to Enforce Civil Investigative Demand and the Motion of Petitioner, Jones & Panda LLC ("Jones & Panda") for Leave to File First Amended Complaint.[1]

The Court having considered the memoranda of the parties, the arguments of counsel, and being otherwise sufficiently advised, hereby enters the following Opinion and Order denying the Emergency Motion to Enforce Civil Investigative Demand and Granting the Motion for Leave to File First Amended Complaint.

The Consumer Protection Act ("CPA") authorizes the Attorney General to investigate when he has "reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300." KRS 367.240(1). The CPA provides as follows:

---

[1] Due to the unavailability of Chief Judge Kimberly Bunnell, the matter herein was heard by Hon. Lucy A. VanMeter, Third Division, pursuant to Rule 2(c) of the Fayette Circuit Criminal and Civil Court.

1

> ***When the Attorney General has reason to believe that a person has engaged in, is engaging in, or is about to engage in any act or practice declared to be unlawful by KRS 367.110 to 367.300***, or when he believes it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in or is about to engage in, any act or practice declared to be unlawful by KRS 367.110 to 367.300, h***e may execute in writing and cause to be served upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation, an investigative demand requiring such person to furnish***, under oath or otherwise, a report in writing setting forth the relevant facts and circumstances of which he has knowledge, or to appear and testify ***or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, concerning the advertisement, sale or offering for sale of any goods or services or the conduct of any trade or commerce that is the subject matter of the investigation.*** Provided however, that no person who has a place of business in Kentucky shall be required to appear or present documentary material or physical evidence outside of the county where he has his principal place of business within the Commonwealth.

*Id*. (emphasis added).

The Kentucky Supreme Court held the "legislature created a statute which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts." *Stevens v. Motorist Mut. Ins. Co*., 759 S.W.2d 819, 821 (Ky. 1988).

The Attorney General is not required to state on the face of the civil investigative demand ("CID") the reason or grounds for its issuance. *See Commonwealth ex rel. Hancock v. Pineur*, 533 S.W.2d 527, 528 (Ky. 1976).

The CPA provides an avenue for relief to protect people from unreasonable investigation. *Id*. at 530. In that case, the petitioner must make "a prima facia showing of facts entitling him to relief" and then the Attorney has the "onus of coming forward with a showing of reasonable justification." *Id*. at 530. The Court must determine whether "the inquiry is within the authority of the agency" and whether "the demand is not too indefinite and the information sought is reasonably relevant" to the stated purpose of the investigation. *Id*. at 529. *See also Ward v. Com. ex rel.*

*Stephens*, 566 S.W.2d 426, 428 (Ky. App. 1978) (Courts should "look behind the demand. Judicial review of administrative rulings is a basic part of our legal system and is designed to protect against mistaken or arbitrarily issued investigative orders.")

In this case, Jones & Panda filed a Petition to Set Aside the Civil Investigative Demand and to Protect Petitioner From an Unreasonable Investigation or, In the Alternative, to Modify the Civil Investigative Demand and Extend the Return Date. In their Petition, Jones & Panda raise a prima facia showing of facts entitling them to relief. These facts include that "Amazon retains ultimate control of the price ceiling and price floor" of all products sold on the Amazon platform. *See* Petition at 6. The Petition, as amended, also raises a number of legal defenses including that the law is unconstitutional as applied to Jones and Panda because it violates the dormant commerce clause, the First Amendment and the equal protection clause.

On review of the Attorney General's Emergency Motion, this Court must examine the documentation and facts underlying the decision to issue the CID.

The Attorney General alleges he has reason to believe Petitioner has violated price gouging law set out in KRS 367.372 to KRS 367.378 which provides, in pertinent part:

> (1) (a) ***When*** a Condition Red has been declared by the United States Department of Homeland Security under the Homeland Security Advisory System or ***the Governor has declared a state of emergency*** under KRS 39A.100, the ***Governor may implement this section by executive order*** for a period of fifteen (15) days from notification of implementation, as required by KRS 367.376. ***The order implementing this section shall be limited to the geographical area indicated in the declaration of emergency***. The Governor may terminate or limit the scope of the order at any time.
>
> (b) ***No person shall sell***, rent, or ***offer to sell*** or rent, ***regardless of whether an actual sale or rental occurs, a good or service listed in this paragraph*** or any repair or reconstruction service ***for a price which is grossly in excess of the price prior to the declaration and unrelated to any increased cost to the seller***. Goods and services to which this section applies are:
> 1. Consumer food items;
> 2. Goods or services used for emergency cleanup;

    3. *Emergency supplies*;
    4. *Medical supplies*;
    5. Home heating oil;
    6. Building materials;
    7. Housing;
    8. Transportation, freight, and storage services; and
    9. Gasoline or other motor fuels.

KRS 367.374(1)(a-b) (emphasis added).

As the foundation for the issuance of the CID, the Attorney General cites to Executive Order 2020-216 entitled *State of Emergency Relating to the Prohibition Against Price Gouging*. This Executive Order was effective March 6, 2020 for a period of 15 days and renewed thereafter by Executive Order 2020-245, signed March 20, 2020, and Executive Order 2020-268, signed April 2, 2020.

The Attorney General states that Petitioner is a third-party seller on Amazon and has offered for sale, and sold, "respirators and hand sanitizers through Amazon before and during the time period the price gouging laws were in effect." *See* Attorney General's Memorandum of Law at 3. The Attorney General states he received "detailed information … from Amazon, the owner of the very platform where the items were being offered for sale." *Id*. at 5. Based on this information, the Attorney General issued a CID seeking information relating to the time period of February 15, 2020 through March 25, 2020 in order to "determine the proper price before declaration and potential market fluctuations (KRS 367.374(1)(4)), items having been sold at a reduced price thirty days prior to the activation of the statute (KRS 367.374(3)), and whether these items were sold by Petitioner before the emergency declaration (KRS 367.374(4))." *Id*. at 8.

The Court of Appeals held, "it is the duty of the court to examine the documentation and facts upon which the Attorney General based his decision to issue the demand." *Stephens*, 566 S.W.2d at 429. The trial court must "review the conclusions of the Attorney General so as to

protect against arbitrary or mistaken issuance of investigative demands." *Id*. at 429. *See also ABC, Inc. v. Commonwealth ex rel. Conway*, 2011-CA-631-MR, 2012 WL 3629487 at *4 (Ky. App., August 24, 2012) (finding the Attorney General met the threshold to issue the CID based on review of numerous student complaints regarding the petitioner's business practices and broader national studies regarding system problems in the administration of public grants and loan programs by private for-profit colleges.)

Although the Attorney General states he received "detailed information" from Amazon, the motion does not detail the substance of the information or attach copies of the documentation received from Amazon. The motion does not even expressly state that Jones & Panda sold hand sanitizer and respirators for above-market prices, although it is suggested by the motion.

At the hearing, counsel for the Attorney General represented that the Attorney General has "spreadsheets" demonstrating Jones and Panda raised the price of hand sanitizer 120%-700% during the relevant time period. The Attorney General has not provided this documentation to Petitioner or the Court. Counsel indicated the Attorney General is not be inclined to provide the documentation to Petitioner.

This matter is before the Court on the motion of the Attorney General. The Attorney General has failed to meet his burden to establish a reasonable justification for issuance of the Civil Investigative Demand. There is simply nothing in the record upon which the Court may review the decision to issue a CID in this instance. Accordingly, the Emergency Motion to Enforce the CID is DENIED and Petitioner has no obligation to respond to the CID until further ruling of the Court.

The Court declines to rule at this time on the constitutional questions raised by the parties. Whether the law regulates extraterritorial commerce has not been fully briefed. Petitioner has

recently amended the Petition to assert additional grounds for review, pursuant to the First Amendment and equal protection clause, which have not been briefed. These matters may be dispositive of the case and are reserved for ruling by presiding Judge Bunnell upon the filing of an appropriate motion by either party.

Order

For the reasons set out herein, the Court DENIES the Attorney General's Emergency Motion to Enforce Civil Investigative Demand and Petitioner has no obligation to respond to the CID until further ruling of the Court.

Petitioner's Motion for Leave to File First Amended Complaint is GRANTED, without objection, and the Amended Petition is deemed filed as of today's date.

Dated this \_\_\_\_\_ day of May, 2020.



　　　　　　　　　　　　　　　　Lucy A. VanMeter
　　　　　　　　　　　　　　　　Judge, Fayette Circuit Court

Attest copies this \_\_\_ day of May, 2020.

Hon. Benjamin Lee Kessinger
Hon. Mason Moore Kessinger
Hon. J. Christian Lewis
Hon. Justin Clark
Hon. Matthew C. Cocanougher

VINCENT RIGGS, C.F.C.C.

By_____D.C.