## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT FRANKFORT

*Electronically filed*

ONLINE MERCHANTS GUILD

     *Plaintiff*

v.

DANIEL CAMERON, in his official
capacity as ATTORNEY GENERAL
OF KENTUCKY

     *Defendant*

Civil Action No. 3:20-cv-00029
Judge Gregory F. Van Tatenhove

---

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT ATTORNEY GENERAL OF KENTUCKY

---

Defendant, Commonwealth of Kentucky *ex. rel.* Daniel Cameron, in his official capacity as Attorney General of Kentucky (the "Attorney General"), for his answer to the complaint (DN 1, the "Complaint") filed by Plaintiff Online Merchants Guild (the "Guild"), states as follows:

1.     As to the allegations contained in Paragraph No. 1 of the Complaint, the Attorney General denies that he has applied KRS 367.374 and KRS 367.170 to the Guild or its members and denies that any action he has taken with regard to the Guild or its members is unconstitutional. As to the remaining allegations contained in Paragraph No. 1, the Attorney General admits that this action is one for declaratory and injunctive relief. The Attorney General denies all allegations contained in Paragraph No. 1 that are not expressly admitted.

2.     As to the allegations contained in Paragraph No. 2 of the Complaint, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies them.

3.      As to the allegations contained in Paragraph No. 3 of the Complaint, the Attorney General states that the allegation regarding KRS 367.374 and KRS 367.170 are legal conclusions to which no responsive pleading is required. The Attorney General further states that KRS 367.374 and KRS 367.170 are written statutes, the terms of which speak for themselves. The Attorney General denies the remaining allegations contained in Paragraph No. 3.

4.      The Attorney General states that the allegations contained in Paragraph No. 4 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent that responsive pleading is required, the Attorney General denies the allegations contained in Paragraph No. 4.

5.      The Attorney General states that the allegations contained in Paragraph No. 5 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent that responsive pleading is required, the Attorney General denies the allegations contained in Paragraph No. 5.

6.      As to the allegations contained in Paragraph No. 6 of the Complaint, the Attorney General admits that the Guild is seeking declaratory and injunctive relief through its Complaint. The Attorney General denies all other allegations contained in Paragraph No. 6.

7.      As to the allegations contained in Paragraph No. 7 of the Complaint, the Attorney General denies that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Attorney General admits that this Court has personal jurisdiction over the Guild.

8.      The Attorney General admits that venue is proper in this Court.

9.      As to the allegations contained in Paragraph No. 9 of the Complaint, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the nature of the identity of the Guild, what it does, and its state of

2

residency and, therefore, denies them. The Attorney General denies that the Guild has standing, either in its own capacity or through associational standing, to bring the Complaint. The Attorney General denies the remaining allegations contained in Paragraph No. 9.

10.     As to the allegations contained in Paragraph No. 10 of the Complaint, the Attorney General states that KRS 418.075 is a written statute, the terms of which speak for themselves. The Attorney General admits that he has been named in this lawsuit in his official capacity as Attorney General of Kentucky and admits that he maintains a website where price gouging complaints can be submitted. The Attorney General denies the remaining allegations contained in Paragraph No. 10 and any allegations in Paragraph No. 10 that have not been expressly admitted.

11.     The Attorney General states that the allegations contained in Paragraph No. 11 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

12.     The Attorney General states that the allegations contained in Paragraph No. 12 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

13.     The Attorney General states that the allegations contained in Paragraph No. 13 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

14.     The Attorney General states that the allegations contained in Paragraph No. 14 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

15. The Attorney General states that the allegations contained in Paragraph No. 15 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

16. The Attorney General states that the allegations contained in Paragraph No. 16 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

17. The Attorney General states that the allegations contained in Paragraph No. 17 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

18. The Attorney General states that the allegations contained in Paragraph No. 18 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

19. The Attorney General states that the allegations contained in Paragraph No. 19 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

20. As to the allegations contained in Paragraph No. 20 of the Complaint, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "expertise" and "networks" of the Guild's members and, therefore, denies them. The Attorney General denies that any action taken by his office, or any action that could be taken by his office, towards the Guild or its members has, or could have, a "chilling effect" on economic activity or constitute a "substantial burden" on interstate commerce. The Attorney General denies the remaining allegations contained in Paragraph No. 20, and denies all allegations in Paragraph No. 20 that are not expressly admitted.

4

21.     The Attorney General states that the allegations contained in Paragraph No. 21 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

22.     The Attorney General states that the allegations contained in Paragraph No. 22 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

23.     The Attorney General states that the allegations contained in Paragraph No. 23 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

24.     The Attorney General states that the allegations contained in Paragraph No. 24 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

25.     As to the allegations contained in Paragraph No. 25 of the Complaint, the Attorney General states that KRS 367.364 is a written statute, the terms of which speak for themselves and, therefore, no responsive pleading is required.

26.     As to the allegations contained in Paragraph No. 26 of the Complaint, the Attorney General states that KRS 367.364 is a written statute, the terms of which speak for themselves and, therefore, no responsive pleading is required.

27.     As to the allegations contained in Paragraph No. 27 of the Complaint, the Attorney General states that KRS 367.364 is a written statute, the terms of which speak for themselves and, therefore, no responsive pleading is required. The Attorney General denies the remaining allegations contained in Paragraph No. 27 and any allegations in Paragraph No. 27 that have not been expressly admitted.

28. The Attorney General denies the allegations contained in Paragraph No. 28 of the Complaint.

29. The Attorney General states that the allegations contained in Paragraph No. 29 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

30. As to the allegations contained in Paragraph No. 30 of the Complaint, the Attorney General admits that he has issued Civil Investigative Demands ("CIDs") and subpoenas to certain members of the Guild. The Attorney General denies the remaining allegations contained in Paragraph No. 30 and any allegations in Paragraph No. 30 that have not been expressly admitted.

31. The Attorney General states that the allegations contained in Paragraph No. 31 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

32. As to the allegations contained in Paragraph No. 32 of the Complaint, the Attorney General admits that his office communicated with certain members of the guild about the potential application of the price gouging statutes to specific food items.  The Attorney General denies the remaining allegations contained in Paragraph No. 32 and any allegations in Paragraph No. 32 that have not been expressly admitted.

33. The Attorney General states that the allegations contained in Paragraph No. 33 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required.

34. As to the allegations contained in Paragraph No. 34 of the Complaint, the Attorney General states that KRS 367.364 and KRS 367.170 are written statutes, the terms of which speak for themselves and, therefore, no responsive pleading is required. To the extent responsive

pleading is required, the Attorney General denies that KRS 367.364 and KRS 367.170 are unconstitutionally "vague" or "indefinite."

35.    The Attorney General denies the allegations contained in Paragraph No. 35 of the Complaint.

36.    The Attorney General denies the allegations contained in Paragraph No. 36 of the Complaint.

37.    The Attorney General states that the allegations contained in Paragraph No. 37 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning whether members of the Guild "selling on Amazon cannot limit her sales to states other than Kentucky or offer Kentucky-only prices" and, therefore, denies them.

38.    The Attorney General states that the allegations contained in Paragraph No. 38 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 38 and, therefore, denies them.

39.    The Attorney General states that the allegations contained in Paragraph No. 39 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 39 and, therefore, denies them.

40.     The Attorney General denies the allegations contained in Paragraph No. 40 of the Complaint.

41.     The Attorney General states that to the extent that the allegations contained in Paragraph No. 41 of the Complaint are not directed at the Attorney General, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General states that he lacks knowledge or information sufficient to form a belief about "some state price-gouging laws" and, therefore, denies them. The Attorney General denies that KRS 367.170 is unconstitutional under the Due Process Clause, and denies any allegations in Paragraph No. 41 that have not been expressly admitted.

42.     As to the allegations contained in Paragraph No. 42 of the Complaint, the Attorney General denies any allegation, express or implied, that KRS 367.170 is unconstitutional. As to the remaining allegations in Paragraph No. 42, the Attorney General states that he lacks knowledge or information sufficient to form a belief about them and, therefore, denies them.

43.     The Attorney General denies the allegations contained in Paragraph No. 43 of the Complaint.

44.     The Attorney General denies the allegations contained in Paragraph No. 44 of the Complaint.

45.     The Attorney General denies the allegations contained in Paragraph No. 45 of the Complaint.

46.     The Attorney General states that to the extent that the allegations contained in Paragraph No. 46 of the Complaint are not directed at the Attorney General, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General denies any allegations in Paragraph No. 46 that have not been expressly admitted.

8

47.     The Attorney General states that the allegations contained in Paragraph No. 47 of the Complaint are not directed at the Attorney General and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General denies that the Guild or its members are entitled to the relief sought in the Complaint.

48.     The Attorney General states that Paragraph No. 48 of the Complaint merely incorporates Paragraph Nos. 1 through 47 of the Complaint and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General incorporates his responses to Paragraph Nos. 1 through 47 as if fully set forth separately here.

49.     As to the allegations contained in Paragraph No. 49 of the Complaint, the Attorney General states that the allegations contain legal conclusions to which no responsive pleading is required.

50.     The Attorney General denies the allegations contained in Paragraph No. 50 of the Complaint.

51.     The Attorney General denies the allegations contained in Paragraph No. 51 of the Complaint.

52.     The Attorney General denies the allegations contained in Paragraph No. 52 of the Complaint.

53.     The Attorney General denies the allegations contained in Paragraph No. 53 of the Complaint.

54.     The Attorney General states that Paragraph No. 54 of the Complaint merely incorporates paragraph Nos. 1 through 53 of the Complaint and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General incorporates his responses to Paragraph Nos. 1 through 53 as if fully set forth separately here.

55.     As to the allegations contained in Paragraph No. 55 of the Complaint, the Attorney General states that the allegations contain legal conclusions to which no responsive pleading is required.

56.     The Attorney General denies the allegations contained in Paragraph No. 56 of the Complaint.

57.     The Attorney General denies the allegations contained in Paragraph No. 57 of the Complaint.

58.     The Attorney General states that the allegations in Paragraph No. 58 of the Complaint contains a legal conclusion to which no responsive pleading is required.

59.     The Attorney General denies the allegations contained in Paragraph No. 59 of the Complaint.

60.     The Attorney General denies the allegations contained in Paragraph No. 60 of the Complaint.

61.     The Attorney General states that Paragraph No. 61 of the Complaint merely incorporates paragraph Nos. 1 through 60 of the Complaint and, therefore, no responsive pleading is required. To the extent responsive pleading is required, the Attorney General incorporates his responses to Paragraph Nos. 1 through 60 as if fully set forth separately here.

62.     The Attorney General states that the allegations in Paragraph No. 62 of the Complaint contains a legal conclusion to which no responsive pleading is required.

63.     The Attorney General denies the allegations contained in Paragraph No. 63 of the Complaint.

64.     The Attorney General denies the allegations contained in Paragraph No. 64 of the Complaint.

## AFFIRMATIVE DEFENSES

The Attorney General, without altering the applicable burdens of proof, asserts the following defenses to the claims for relief averred in the Complaint:

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted and accordingly should be dismissed.

### Second Defense

The Guild, and its members, lack standing to assert the claims alleged or to pursue or obtain the relief sought in the Complaint.

### Third Defense

Some or all of the Guild's claims, on behalf of itself or its members, are barred by the doctrine of laches.

### Fourth Defense

Some or all of the Guild's claims, on behalf of itself or its members, are barred by the doctrines of waiver and estoppel.

### Fifth Defense

Some or all of the Guild's claims, on behalf of itself and its members, are barred by the doctrines of claim preclusion, issues preclusion or res judicata.

### Sixth Defense

The Attorney General pleads each and every affirmative defense set out in Federal Rule of Civil Procedure 8 to the extent such defenses may be supported by the evidence.

## Seventh Defense

Some or all of the Guild's claims, on behalf of itself and its members, are barred by the absence of required parties under Rule 19.

## Eighth Defense

The Attorney General reserves the right to amend this answer to add any other defenses (affirmative or otherwise) or to make appropriate cross-claims, counterclaims, or third-party claims that may be determined to be applicable after further discovery.

WHEREFORE, the Attorney General having fully answered the Complaint herein prays for judgment as follows:

1. That the Guild and its members take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of the Attorney General and against the Guild and its members; and

3. For such other and further relief as the Court deems just and proper.

12

Respectfully submitted,


*/s/ Justin D. Clark*
_____
Victor B. Maddox (KY Bar No. 43095)
J. Christian Lewis (KY Bar No. 87109)
Justin D. Clark (KY Bar No. 89313)
Matthew Cocanougher (KY Bar No. 94292)
Philip R. Heleringer (KY Bar No. 96748)
Office of Consumer Protection
Office of the Kentucky Attorney General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
Tel: (502) 696-5300
victor.maddox@ky.gov
christian.lewis@ky.gov
justind.clark@ky.gov
matthew.cocanougher@ky.gov
philip.heleringer@ky.gov

*Counsel for Attorney General Daniel Cameron*


## CERTIFICATE OF SERVICE

I certify that on July 23, 2020, this document was filed with the CM/ECF filing system, which electronically served a true copy of the foregoing to all counsel of record.


*/s/ Justin D. Clark*
_____
*Counsel for Attorney General Daniel Cameron*