UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ONLINE MERCHANTS GUILD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:20-cv-00029-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| DANIEL CAMERON, in his official capacity as Attorney General of Kentucky, | ) ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court, having considered the Report of Parties' Rule 26(f) Planning Conference [R. 45], hereby **ORDERS** as follows:

## **DISCOVERY**

1.  The following deadlines shall be observed in this action:

    (a) The parties have already completed initial disclosures pursuant to Rule 26(a)(1).

    (b) Accordingly, all fact discovery shall be completed by **Monday, January 17, 2022**.

2.  Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

    (a)  Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b)

below, **shall not be filed.**

(b) Plaintiff shall make initial disclosures of expert reports required by Rule 26(a)(2) by **Friday, February 18, 2022.**

(c) Defendants shall make disclosures of rebuttal expert witness reports required by Rule 26(a)(2) by **Friday, March 18, 2022**.

(d) Supplementations of reports or information shall be made as they become aware that information previously disclosed is incomplete or incorrect, but no later than **Monday, April 18, 2022**.

3. Discovery disputes shall be resolved in the following manner:

(a) The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

(b) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below.

(c) If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court.  Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

## DISPOSITIVE MOTIONS

The following motion deadlines shall be observed in this action:

(a) Parties shall have to and including **Monday, August 16, 2021** to seek

        leave to join additional parties or amend their pleadings.

(b)      The parties shall have to and including **Monday, June 20, 2022**, by which to file all dispositive motions, motions *in limine*, and/or *Daubert* motions.

## PRETRIAL

1.      The Final Pretrial Conference is hereby scheduled for **Tuesday, October 25, 2022,** at the hour of **1:30 p.m.** in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**. Said Final Pretrial Conference shall be attended by the attorneys who will be trying the case, as well as the parties themselves, or a corporate/carrier representative with full settlement authority.

2.      **No later than thirty (30) days prior to the Final Pretrial Conference**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

(a)      Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness. Pursuant to Rule 26(a)(3)(A)(ii), **the witness list shall be filed separately** and include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

(b)      Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial. **The exhibit list shall be filed separately** and contain a description of each exhibit in sufficient detail to permit adequate identification

    thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

(c)   Page and line designations of witnesses who will testify by deposition.

3.   **No later than ten (10) days** prior to the Final Pretrial Conference, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

(a)   A pretrial memorandum containing the following:

  i.   Succinct statement of the facts of the case;

  ii.   The questions of fact;

  iii.   The questions of law;

  iv.   Expected evidentiary objections;

  v.   A listing of all pending motions;

  vi.   The status of settlement negotiations and the likelihood of settlement; and

  vii.   The feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, etc.).

(b)   An Agreed Statement of the Case.

(c)   Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is

necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled.

4. **No later than fifteen (15) days prior to the Final Pretrial Conference, counsel shall file:**

(a) Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party. **Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court**. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

(b) Objections and counter-designations to deposition testimony.

5. **At the Final Pretrial Conference**, counsel for the parties shall be prepared to:

(a) Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial and provide a court copy of all documentary exhibits.

(b) Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

(c) Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including

authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

    (d)    Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at *www.kyed.uscourts.gov/court-tech.htm*.

    (e)    Discuss the possibility of settlement.

6.    **Court Copies**. In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:

    (a)    Witness list(s);

    (b)    Exhibit list(s); and

    (c)    Statement(s) of the case.

These documents shall be transmitted in **Word Document format** as an email attachment to *GFVT_chambers@kyed.uscourts.gov*.

## TRIAL

This action is hereby set for Bench Trial on **Monday, November 7, 2022,** at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort**, **Kentucky**, with counsel to arrive by 9:30 a.m.  Trial is expected to last three (3) days.

## EXTENSIONS OF TIME

Requests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence.  *See* L.R. 7.1(b).

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) this matter is referred to Magistrate Judge Edward B. Atkins for the purpose of:

1. Supervising discovery and pretrial proceedings.

2. Conducting all pretrial and status conferences, establishing and extending discovery deadlines, and all other deadlines, holding such hearings as may be required, and ruling on non-dispositive motions, except motions *in limine*.  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985).  Dispositive motions will be referred by the Clerk of this Court to the appropriate United States District Judge.

This the 30th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge