IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| ONLINE MERCHANTS GUILD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 3:20-cv-00029-GFVT |
| | ) |
| DANIEL CAMERON, in his official capacity as ATTORNEY GENERAL OF KENTUCKY, | ) |
| | ) |
| Defendant. | ) |

**THE ONLINE MERCHANTS GUILD'S MOTION FOR VOLUNTARY DISMISSAL AND OPPOSITION TO DEFENDANT CAMERON'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Online Merchants Guild respectfully requests that the Court dismiss this action without prejudice. And, since there will be no case or controversy before the Court, the Court should deny as moot Defendant Cameron's motion for judgment on the pleadings. In support therefore, the Online Merchants Guild states as follows:

1. The Online Merchants Guild commenced this case in May 2020 to address what the Guild considered to be pressing and increasing burdens on its members' constitutional rights to engage in interstate commerce. The Guild thereafter sought a temporary restraining order (which the Court denied), and a preliminary injunction (which the Court granted in June 2020).

2. In April 2021, the Sixth Circuit affirmed in part and reversed in part the Court's preliminary injunction, confirming that the Court has jurisdiction but disagreeing with

1

the Court on the likelihood that the Guild's extraterritoriality theory was likely to succeed. The Sixth Circuit declined to consider the Guild's additional claims, leaving them for further development in this Court.

3. Following remand, counsel for the Guild and counsel for Defendant Cameron engaged in multiple conversations over months about how to reconcile the Guild's concerns and Defendant Cameron's investigatory objectives without the need for resource-intensive litigation of constitutional issues. Those discussions were candid and courteous. The Guild now believes that it can dismiss this case; the Guild itself does not intend to pursue further litigation absent some unforeseen and material change in circumstances. To the extent there is a need to address constitutional issues, that could be done in proceedings involving individually-affected Guild members. The Guild does not anticipate significant litigation of that type, although the Guild cannot dictate what members might choose to do on their own behalf (as the Guild has explained to Defendant Cameron's counsel).

4. The Guild believes that the voluntary dismissal should be without prejudice, which is the default position under Rule 41 and makes sense here because the purpose is not to resolve the merits or preclude further litigation if it should become necessary in the future.

5. The Guild's understanding is that Defendant Cameron does not object to a voluntary dismissal, but wishes the dismissal to be with prejudice rather than without. As the Guild understands it, Defendant Cameron wishes for certainty that this lawsuit will not recur. But the "mere prospect of a second lawsuit" is not the kind of "plain legal prejudice" that Rule 41 protects against. *Bridgeport Music, Inc. v. Universal-MCA*

*Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). Further, the Guild does not anticipate a second suit unless there is a material change in the underlying facts and circumstances in the future, in which case a dismissal with prejudice of this case would not forestall a second suit, but might confound the facts and legal theories applicable in that case. Given the preference for deciding controversies on their merits—especially those involving novel civil rights issues—dismissal with prejudice would be problematic.

6. The Guild acknowledges that litigation costs can be awarded to protect the defendant, but they are not "required for voluntary dismissal under Rule 41(a)(2)," *Bridgeport Music*, 583 F.3d at 954, and the Guild suggests they would not be appropriate here. The Guild does not know whether Defendant Cameron intends to seek costs, but he was apparently willing to agree to a stipulated dismissal with prejudice under Rule 41(a)(1) without seeking costs. Imposing costs under Rule 41(a)(2) would have a somewhat punitive aspect under these circumstances.

7. The law generally disfavors awarding costs to the government in civil rights challenges because of the disincentive effects, which are contrary to the purpose of 42 U.S.C. § 1981 litigation. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) (prevailing-party fees may be awarded to the government under 42 U.S.C. § 1988 only in "truly egregious cases"). The disincentive concern is especially significant here, since the Guild is scrappy but small.

8. This is not a case in which the parties labored to the eve of trial only to have the plaintiff dismiss the case. Although this case is about a year-and-a-half old, most of the time was spent on the waiting inherent in the appellate process rather than in time-

3

consuming discovery work or the like. Other than exchanging initial disclosures a few months ago, Defendant Cameron served initial discovery requests, which are not due yet. Insofar as the parties have litigated substantive issues (in a preliminary way), the results are mixed, with the Guild prevailing on jurisdiction and the merits in this Court and on jurisdiction in the Sixth Circuit. In fact, roughly half of the briefing to date focused on jurisdictional issues, on which the Guild prevailed throughout and on an important principle: the Sixth Circuit rejected Defendant Cameron's "sweeping" argument that "if an organizational plaintiff's new expenditures are actually part of the organization's mission, then there is no diversion of resources and thus no injury-in-fact." *Online Merchs. Guild v. Cameron*, 995 F.3d 540, 548 (6th Cir. 2021) (rejecting Defendant Cameron's reading of *Shelby County Advocates for Valid Elections v. Hargett*, 947 F.3d 977 (6th Cir. 2020), which other government defendants and courts had read to narrow organizational standing). That reaffirmation of "controlling . . . precedent" will aid civil rights enforcement in this Circuit going forward. *Id*. In short, dismissal without prejudice and without costs is fair and reasonable here.

9. And because this matter no longer presents an active case or controversy, the Court should deny as moot Defendant Cameron's motion for judgment on the pleadings, which he filed nearly simultaneously with a rejection of the Guild's proposal for resolution of this case, suggesting that the motion had a tactical element to it. It would not be a good use of judicial or party resources, or consistent with the limitations of Article III, to address complex constitutional claims that the plaintiff is no longer urging.

10. For the foregoing reasons, the Online Merchants Guild respectfully requests that the Court (1) grant a voluntary dismissal of this case, without prejudice and without costs, and (2) deny as moot Defendant Cameron's motion for judgment on the pleadings.

Respectfully submitted this 12th day of October, 2021.

                                            s/ Aaron K. Block
                                            Aaron K. Block
                                            The Block Firm LLC
                                            309 East Paces Ferry Road, Suite 400
                                            Atlanta, Georgia 30305
                                            Georgia Bar No. 508192*
                                            404-997-8419
                                            aaron@blockfirmllc.com
                                            Counsel for the Online Merchants Guild
                                            *Admitted *pro hac vice*

**Certificate of Service**

I hereby certify that I served the foregoing using the Court's CM/ECF system.

/s Aaron K. Block