UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ONLINE MERCHANTS GUILD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:20-cv-00029-GFVT |
| v. | ) | |
| | ) | |
| DANIEL CAMERON, *Attorney General of Kentucky*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Plaintiff's Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court previously granted the Plaintiff's request for a preliminary injunction, finding Kentucky's price-gouging statutes, which were being enforced by the Defendant, were likely to violate the Dormant Commerce Clause. [R. 36.] The Sixth Circuit disagreed and vacated that injunction. [R. 48.] The parties then engaged in settlement discussions, which were unsuccessful, and the Defendant filed a Motion for Judgment on the Pleadings. [R. 52 at 2; R. 51.] Thereafter, the Plaintiff moved for voluntary dismissal, specifically requesting dismissal without prejudice. [R. 52.] The Defendant vehemently opposes this motion, asking for dismissal with prejudice or resolution of its motion for judgment on the pleadings. [R. 53.]

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal under the Rule is without prejudice unless the court's order states otherwise. *Id.* The Sixth Circuit held this language implicitly authorizes courts to dismiss an action *with* prejudice after the Plaintiff has filed a Rule 41(a)(2)

Motion to Dismiss, even if the Plaintiff requests dismissal *without* prejudice. *United States v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996). However, three requirements must be satisfied before the Court can do so.[1] *Id.* The Court must: (1) give the Plaintiff "notice of its intention to dismiss with prejudice," (2) allow the Plaintiff to be heard in opposition, and (3) allow the Plaintiff to withdraw the request for voluntary dismissal. *Id.* at 426.

Following *One Tract*, the Sixth Circuit clarified the notice requirement. In that ruling, the Court expressed doubt that a plaintiff would not have notice of an intention to dismiss with prejudice when a defendant specifically requested dismissal *with* prejudice. *Id.* Despite this well-reasoned doubt, the Court later ruled that the district court *itself* must notify the Plaintiff that it "intends to grant a Rule 41(a)(2) motion with prejudice." *Mich. Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010). A plaintiff does not have sufficient notice of such intent merely because a defendant responds to their Rule 41(a)(2) motion with a request that dismissal be with prejudice. *Id.*

The arguments presented in the Defendant's response in opposition to the Motion to Dismiss suggest there may be reason to dismiss this action with prejudice rather than without prejudice. Accordingly, and the Court being otherwise sufficiently advised, the Plaintiff is hereby **ORDERED** to show cause within **fourteen (14) days** following the entry of this order as to why this matter should not be dismissed with prejudice.

---

[1] The holding refers to these requirements as both "factors" to be "considered" and "requirements." *Id.* The text of each requirement shows they are mandatory ("must, "is entitled to," and "must," respectively), so the Court will require each be satisfied. *Id.*

This the 29th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge